[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal. Appellant, Cong Thi Duong, appeals her conviction entered by the Girard Municipal Court in Trumbull County for soliciting. Appellee, the state of Ohio, has failed to file an answer brief. For the reasons which follow, we affirm appellant's conviction.
On June 30, 1997, appellant was charged with one count of soliciting, a third degree misdemeanor in violation of R.C.2907.24(A).[1] The citation indicated that the alleged offense took place on June 28, 1997, at 4040 Belmont Avenue in Liberty Township, Trumbull County, Ohio. This is the address of an establishment called the Tokyo Health Spa. The citation also indicated that appellant was employed at the Tokyo Health Spa.
The case proceeded to a bench trial on October 9, 1997 and December 18, 1997. Detective Donald Mills ("Detective Mills") of the Liberty Township Police testified for the state. Detective Mills testified that he made an undercover visit to the spa where appellant worked. Appellant greeted Detective Mills when he entered the spa, and he paid her $40 for a one-hour massage. Detective Mills was directed to a shower room where he was given a body shampoo. Following the shampoo, appellant took Detective Mills for a sauna. Appellant then gave Detective Mills a one-hour massage. When the massage was completed, appellant asked Detective Mills what else he wanted her to do for him. She then offered to perform various sexual acts upon the detective for $100. Feigning acceptance of her offer, Detective Mills gave appellant his remaining funds, or $60. Appellant accepted this money, briefly leaving the room. Detective Mills then got dressed and called in other officers to arrest appellant.
Detective Mills conceded that the money used in the undercover operation was not marked or retrieved from appellant. He further stated that he was unable to provide any tape recordings of the alleged conversation between appellant and himself.
Appellant took the stand on her behalf, conceding that she gave him a one-hour massage, but denying that she made any offer to perform sexual acts after the massage was finished. She further testified that she worked at an establishment called the Todai Health Spa; however, she did not give the actual address of the establishment. The record reveals that the Todai Health Spa is located at 1615 Amhurst, also in Liberty Township, Trumbull County, Ohio.[2]
The trial court indicated that it found the events to be true as described in Detective Mills' account and as listed on the citation. Appellant was thereafter found guilty of soliciting as charged and sentenced accordingly. The sentence was stayed pending appeal.
Appellant perfected a timely appeal, asserting one assignment of error:
 "THE STATE FAILED TO PROVE THAT DEFENDANT-APPELLANT, CONG THI DUONG, WAS GUILTY OF SOLICITING BEYOND A REASONABLE DOUBT."
In her sole assignment of error, appellant argues, in essence, that the judgment of the trial court was against the manifest weight of the evidence.[3] We disagree.
When reviewing a claim that the judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172,175, approved in State v. Thompkins (1997), 78 Ohio St.3d 380,387.
Moreover, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Additionally, the reviewing court must defer to the trial court's factual findings as to the weight to be given the evidence and the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230; see, also, Thompkins at 390 (Cook, J., concurring).
In her appellate brief, appellant argues that Detective Mills' testimony was inconsistent and in conflict with a certain police report attached to the brief.[4] Specifically, appellant claims that Detective Mills stated that the alleged offense took place at the Todai Health Spa rather than the Tokyo Health Spa as listed on the citation. Appellant points out other alleged inconsistencies in Detective Mills' testimony, indicating that he testified that the incident took place on July 28, 1997, rather than June 28, 1997, as listed on the citation. Finally, appellant argues that Detective Mills' testimony was uncorroborated by tape recordings or the use of marked money.
Appellant also notes that her testimony conflicted with that of Detective Mills as to whether the alleged conversation about sex for money took place and as to where she worked, thereby calling into question the location of the incident. At trial, appellant testified that she worked at the Todai Health Spa.
We find no merit to these contentions and determine that the trial court did not lose its way or create a manifest miscarriage of justice. First, it is obvious that the trial court found Detective Mills' version of events to be more credible than appellant's version of events because the trial court found that the offense took place as Detective Mills alleged at the Toyko Health Spa. Second, the alleged inconsistency in regard to the location of the incident is not clearly demonstrated by the record.[5] In any event, the Todai Health Spa is also located within the jurisdiction of the trial court.
Third, Detective Mills' testimony was sufficient to establish that the alleged events took place, regardless of the lack of corroborating evidence. Appellant has not cited authority to the contrary.
Finally, as for the alleged inconsistency regarding the date of the incident, the transcript reveals that the prosecutor inadvertently used an incorrect date when he questioned Detective Mills about the incident.[6] The prosecutor stated to Detective Mills: "I'd like to call your attention to July 28, 1997. Can you tell the Court if you had occasion to contact and the reason. [sic]" Detective Mills responded, "I went in there on undercover detail. I went in about 12:23 and was met by the defendant." This simple error does not create an inconsistency of such a nature that the judgment can be said to be against the manifest weight of the evidence.
In light of the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the trial court is affirmed. ___________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
O'NEILL, J., concur.
[1] The pertinent provisions of the statute read: "(A) No person shall solicit another to engage with such other person in sexual activity for hire."
[2] We note that the transcripts of the two-day trial are somewhat confusing as several defendants were tried during one trial for events which took place on at least two separate occasions. Moreover, when Detective Mills testified as to the alleged offense involving appellant, he did not expressly identify appellant on the record. However, a review of Detective Mills' testimony, appellant's testimony, the trial court's on-the-record findings in relation to the incident, and appellant's references to the transcript in her brief revealed that appellant was identified by Detective Mills as the person who offered to perform sexual acts in exchange for money in June 1997. We note that appellant raised no objection below or on appeal in this regard.
[3] While the assignment of error could arguably be read as a sufficiency challenge, appellant's argumentation reveals that she is challenging the greater amount of credible evidence supporting the state's burden of proof at trial.
[4] As this police report was not part of the record below, we may not consider it in this appeal. However, the report merely indicates that the alleged offense took place at the Tokyo Health Spa, which is consistent with the citation contained in the record.
[5] Specifically, when Detective Mills was called to the stand to testify about the incident involving appellant, he did not testify as to the exact location of the incident at that time. Earlier, however, there was some confusion in Detective Mills' testimony as to whether he was conducting undercover operations at the Tokyo Health Spa or the Todai Health Spa or both.
[6] Again, the date listed on the citation was June 28, 1997.